UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIREE SANDERS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 19-cv-13280
Hon. Matthew F. Leitman

**<u>ORDER GRANTING (1) PLAINTIFF'S MOTION TO EXTEND TIME TO FILE AN APPLICATION FOR ATTORNEYS' FEES (ECF No. 22) AND (2) PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (ECF No. 23)</u>**

In this action, Plaintiff Desiree Sanders alleged that Defendant Commissioner of Social Security wrongly denied her applications for supplemental security income and disability insurance benefits under the Social Security Act. (*See* Compl., ECF No. 1.) Both parties filed cross-motions for summary judgment. (*See* Sanders Mot. for Summ. J., ECF No. 12; Comm'r Mot. for Summ. J., ECF No. 15.) On March 19, 2022, the Court granted in part and denied in part Sanders' motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded this action for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (*See* Order, ECF No. 20.) Sanders has now filed an Application for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act (the

1

"EAJA"), 28 U.S.C. § 2412. (*See* Appl., ECF No. 23.) Sanders seeks attorneys' fees in the amount of $7,682.50 and an additional $16.80 in expenses. (*See* Sanders Reply Br., ECF No. 25, PageID.1233.) The Commissioner opposes an award of fees and costs. (*See* Comm'r Resp., ECF No. 24.) For the reasons explained below, the Application is **GRANTED**.¹

I

"The purpose of the EAJA is to remove financial obstacles to challenging unreasonable government action." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016). "Under the EAJA, 'a court shall award to a prevailing party' in a civil action against the United States 'fees and other expenses ... unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Glenn v. Comm'r of Sec. Sec..*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting 28 U.S.C. § 2412(d)(1)(A); *DeLong v. Comm'r of Sec. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014)).

The Commissioner does appear not dispute that Sanders is the prevailing party here. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (noting that "a party who wins a sentence-four remand order is a prevailing party"). Nor does the Commissioner claim that there are special circumstances that warrant denying

---

¹ On June 18, 2021, Sanders also filed a motion for an extension of time to file her current application for attorneys' fees. (*See* Mot., ECF No. 22.) That motion is **GRANTED**.

2

Sanders' application for attorneys' fees. Finally, the Commissioner does not take issue with the amount of fees requested by Sanders. Instead, the Commissioner insists that Sanders is not entitled to fees and costs because "the government's position was substantially justified." (Comm'r Resp., ECF No. 24, PageID.1222.)

"The Government bears the burden of proving that a given position was substantially justified." *DeLong*, 748 F.3d at 725. To meet this burden, the Commissioner must demonstrate that his position was "justified to a degree that could satisfy a reasonable person" and that his position had "a reasonable basis both in law and fact." *Glenn*, 763 F.3d at 498 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted). "[I]n the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *DeLong*, 748 F.3d at 728.

In reviewing whether the Commissioner's position "was substantially justified," the Court considers both "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2). The Court then makes a single determination of whether the Commissioner's position "as a whole" was substantially justified. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (*quoting E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013)).

3

II

Here, the Commissioner's position as a whole was not substantially justified. As the Court explained in its order granting Sanders' motion for summary judgment, at the administrative level, the Administrative Law Judge (the "ALJ") failed to provide good reasons for discounting the opinions of Sanders' treating physician, Dr. Nagarkar. (*See* Order, ECF No. 20, PageID.1188-1194.)  For example, the ALJ discounted a November 2016 assessment completed by Dr. Nagarkar in just one sentence, and that scant analysis appeared to minimize and mischaracterize the treating relationship between Sanders and Dr. Nagarkar. (*See id.*, PageID.1190-1191, explaining that "[t]here [was] no reason to believe, on this record, that Dr. Nagarkar's repeated adjusting and changing of Sanders' medications on a monthly basis was either 'minimal' or 'conservative" as described by the ALJ.)

Likewise, the ALJ erred when he discounted a March 2018 assessment conducted by Dr. Nagarkar. (*See id.*, PageID.1191-1193.)  The ALJ explained that that assessment was not entitled to controlling weight because Sanders' "interactions with her physicians, which were always described as appropriate" did not support Dr. Nagarkar's conclusion that Sanders was "completely unable to engage with coworkers, supervisors, or the public." (*Id.*, PageID.1191, quoting ALJ's Decision, ECF No. 10-2, PageID.72.)  But as the Court explained, "the fact that a patient may be able to interact with *her doctors* says very little, if anything, about that

4

individual's ability to function in the workplace." (*Id.*; emphasis in original). Thus, the Court concluded that "the fact that Sanders was able to attend medical appointments, so she could seek treatment from doctors, [did] not support the conclusion that Sanders could regularly attend work, where she would have to interact with supervisors, coworkers, and the public, on a repeated basis." (*Id.*, PageID.1193.) And in his papers before the Court, the Commissioner never offered a persuasive explanation as to how the ALJ's discounting of Dr. Nagarkar's opinions had "a reasonable basis both in law and fact." *Glenn*, 763 F.3d at 498. For all of these reasons, neither the ALJ's treatment of Dr. Nagarkar's opinions nor the Commissioner's defense of that treatment in this action was substantially justified.

The Commissioner counters that his position was substantially justified because two judicial officers – the Magistrate Judge and this Court – reviewed the ALJ's treatment of Dr. Nagakar's opinions and came to different conclusions. (*See* Comm'r Resp. Br., ECF No. 24, PageID.1224.) Thus, the Commissioner argues, "the initial affirmance of the Commissioner's position by [the Magistrate Judge] provides additional evidence that his position was substantially justified." (*Id.*, PageID.1228.) But as the United States Court of Appeals for the Sixth Circuit has recognized, while "a string of losses or successes may be indicative of whether a position is substantially justified, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially

5

justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citation omitted) (concluding that Commissioner's position was not "substantially justified" and remanding for an award of attorneys' fees even though the ALJ, Magistrate Judge, and District Court had all agreed with the Commissioner's denial of benefits). *See also Dilworth v. Astrue*, 2012 WL 5465990, at *1 (N.D. Ohio Nov. 8, 2012) ("The mere fact that the Magistrate Judge may have agreed with the defendant does not automatically mean that the position was substantially justified").  And here, for all of the reasons explained above, the Commissioner's position was not substantially justified.

Finally, the Commissioner argues that his position was substantially justified because "the ALJ complied with the [applicable] regulations" when he "evaluated each of Dr. Nagakar's opinions." (Comm'r Resp. Br., ECF No. 24, PageID.1226.) But for all of the reasons explained in the Court's March 19 order, "the ALJ did not provide 'good reasons,' supported by the record, for not giving controlling weight" to Dr. Nagakar's opinions. (Order, ECF No. 20, PageID.1194.)   Therefore, the Commissioner's position, as a whole, defending that failure was not substantially justified in this case.

### III

For all of the reasons explained above, Sanders' motion for attorneys' fees (ECF No. 22) is **GRANTED**.  Sanders is awarded $7,682.50 in attorneys' fees and

6

an additional $16.80 in expenses as set forth in her reply brief. (*See* Sanders Reply Br., ECF No. 25, PageID.1233.)

      **IT IS SO ORDERED**.

Dated:  April 15, 2022

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126